09-4691-cr
USA v. Robinson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

Present:
> ROGER J. MINER
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> DENISE COTE,
> > *District Judge.*[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

No. 09-4691-cr

TYREE ROBINSON,

> *Defendant-Appellant*.

---

For Defendant-Appellant: STEVEN B. RASILE, Law Offices of Mirto & Rasile, West Haven, CT.

---

[*] The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

For Appellee:                              SANDRA S. GLOVER, Assistant United States
                                           Attorney (Nora R. Dannehy, Assistant United States
                                           Attorney, *on the brief*), *for* David B. Fein, United
                                           States Attorney for the District of Connecticut, New
                                           Haven, CT.


        Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Defendant-appellant Tyree Robinson appeals from an order of contempt entered

November 2, 2009 (Hall, *J.*) sentencing him to 4 months' imprisonment to be served

consecutively to his sentence of 16 months' imprisonment for violating the terms of his

supervised release.  We assume the parties' familiarity with the facts and procedural history of

this case.

        On appeal, Robinson argues that the district court erred by applying the summary

contempt procedure of Federal Rule of Criminal Procedure 42(b) because it waited almost two

months between the contemptuous conduct and its imposition of a summary contempt sanction.

Robinson contends that, in this circumstance, the district court should have applied the normal

contempt procedure of Federal Rule of Criminal Procedure 42(a).  The government responds that

Robinson has waived this argument because he expressly agreed to the summary contempt

procedure.  We agree with the government.

        "[W]aiver is the intentional relinquishment or abandonment of a known right."  *United*

*States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted).  Where a

defendant indicates that the district court's proposed resolution of an issue is satisfactory, he

waives his right to appeal that resolution. *See United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (concluding that the defendant waived his right to challenge a jury instruction that he had indicated to the district court was satisfactory).

Here, Judge Hall specifically raised the issue of whether she could proceed under Rule 42(b) "because [the district court] did not take any action at the time" of the contemptuous conduct. J.A. 122 ("I wonder if under Rule 42, I'm past the point of summarily addressing contempt."). After a lengthy discussion of the case law with the defense attorney and the prosecutor, Judge Hall queried: "I think the only question as a matter of the record is does the defendant raise the issue? . . . [I]s there an objection to it being before me?" J.A. 126. After yet more discussion of whether it would be more appropriate to proceed immediately before Judge Hall or transfer the case to a different district judge, Judge Hall gave Robinson's attorney an opportunity to confer with Robinson. J.A. 127. After the conference, Robinson's attorney stated: "Your honor, after discussions with Mr. Robinson, we're going to proceed today." *Id.* Judge Hall responded: "I wanted to be certain that we got it right. I don't want to have him go through it twice . . . . As long as he's okay, we'll proceed." J.A. 127-28. Robinson plainly indicated that he did not object to proceeding before Judge Hall immediately and thus waived any objection to Judge Hall's use of the summary contempt procedure of Rule 42(b).

We have reviewed Robinson's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-3-